MRS. ELIZABETH BERRY v. INTER-CAROLINA MOTOR BUS COMPANY.

(Filed 22 January, 1930.)

APPEAL by defendant from *Sink, Special Judge,* and a jury, at April Term, 1929, of MECKLENBURG. No error.

This was an action for actionable negligence brought by plaintiff against defendant for injuries received when a passenger in defendant's bus, which left the highway. The defendant denied negligence and set up the defense of contributory negligence. The defendant further introduced evidence to the effect that plaintiff's injury was not caused by defendant; that her injury was from other causes.

The plaintiff testified, in part: "I am the plaintiff in this action. On 24 April, 1928, I came to Charlotte, North Carolina, from Greer, South

Carolina, where I had been to see my sick mother. I paid my fare, and on the other side of King's Mountain the bus in which I was riding started around a closed car, which did not sufficiently yield the road, and when the bus went out on the dirt off the pavement the bank gave way. The bus plowed along the bank and went down the fill until it reached level ground, when it sank down in the soft dirt, when it gave a sudden jerk back and forth and tilted, but did not turn over. The sudden jerk strained my foot. I had my feet against the seat in front of us and held with my hand. My leg struck the seat in front of us in two places between the knee and ankle. I got out of the bus. At this time I did know that I was hurt, but I did not think it would amount to anything much, but when I got on my feet it began to ache and hurt, and when I reached Charlotte my left ankle was swollen up," etc.

There was further evidence on the part of plaintiff to the effect that she was permanently injured, and plaintiff's contention was also to the effect that it was caused by defendant's negligence and not other causes.

The issues submitted to the jury and their answers thereto were as follows:

"1. Was plaintiff injured by the negligence of the defendant as alleged in the complaint? Answer: Yes.

2. What damage, if any, is plaintiff entitled to recover of the defendant? Answer: $5,000."

*L. Laurence Jones and J. L. DeLaney for plaintiff.*
*John W. Hester for defendant.*

PER CURIAM. At the close of plaintiff's evidence and at the close of all the evidence, defendant moved for judgment as in case of nonsuit. C. S., 567. These motions were overruled, and in this we think there was no error.

We have read the record and the well prepared briefs of the able counsel with care. The court below gave defendant's prayers for instructions. We think, from the facts in this case, the issues were the proper ones to have been submitted to the jury.

We see no error in the admission or exclusion of evidence during the trial, or in the charge of the court below. There is no new or novel proposition of law presented by the record. It was mainly a question of fact for the jury to determine. They have answered the issues in favor of plaintiff. In a case of this kind, we have jurisdiction only to review upon appeal any decisions of the court below "upon any matter of law or legal inference." We find in law

No error.